IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-00409-KDB-DCK

JAZMINE COLE,

Plaintiff,

v.

BOJANGLES RESTAURANTS, INC.,

Defendant.

**ORDER**

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (Doc. No. 10). The Court has carefully considered this motion and the parties' briefs and exhibits. Ms. Cole is a former Bojangles restaurant employee who alleges that the company violated the Americans with Disabilities Act ("ADA") when it did not reasonably accommodate her mental illnesses. However, Ms. Cole has not established that she is disabled within the requirements of the ADA because she has not sufficiently alleged that her conditions affect or limit "a major life activity." Indeed, her doctor specifically concluded otherwise. Therefore, even if the Court determined that Ms. Cole has stated claims related to Bojangles' alleged failure to reasonably accommodate her illness and retaliation, issues which the Court does not reach and on which it expresses no opinion, her ADA claims cannot proceed and the Court will **GRANT** the motion to dismiss.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to expose deficient

1

allegations "at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In evaluating whether a claim is sufficiently stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); *see Twombly*, 550 U.S. at 555 (A claim will not survive a motion to dismiss if it contains nothing more than "labels and conclusions, and a formulaic recitation of a cause of action's elements."). That said, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (internal citation and quotation marks omitted). In other words, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Finally, Plaintiff is appearing *pro se*. A *pro se* complaint must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement does not

permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## FACTS AND PROCEDURAL HISTORY

Jazmine Cole alleges that she worked as an assistant general manager ("AGM") for Defendant Bojangles Restaurants, Inc. ("Bojangles") between October 2022 and January 12, 2024. Doc. No. 4 (Amended Complaint ("AC")) at 4. She alleges that she suffers from "Anxiety, PTSD, Bipolar, Polyaltheria, [and] Chronic Miscarriages." *Id.* On November 21, 2023, Cole requested an accommodation from Bojangles for an alleged "Bipolar I, depression" condition. Doc. No. 4-1 at 5. The accommodation Cole sought was for Bojangles to "keep me away from Natasha Teal," her supervisor who she alleges yelled at her, called her names, and "just treat me any way belittle me in front of other staff, make rumors about my pregnancy losses etc." *Id.* at 4-5; *see also* Doc. No. 1-1 at 23 (Cole complaining in a text message that she was treated "like the dirt on the bottom of a shoe" at Teal's restaurant); *id.* at 42 (Cole stating in an email dated October 20, 2023 that "issues are still arising between myself and my leader"). The medical provider certificate, signed by physician Jennifer Meadows, that accompanied Cole's accommodation request states that her bipolar and depression conditions cause her "difficulty communicating with others (Natasha Teal)." *Id.* at 7.[1] Significantly, however, Dr. Meadows' certificate further stated that Cole's conditions did not affect a major life activity and did not limit one or more of Cole's major life activities

---

[1] The documents which Plaintiff attached to her Complaint and Amended Complaint can properly be considered in deciding this motion to dismiss. *See Sec'y of State for Defense v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (stating that in deciding a motion to dismiss the court "may consider documents attached to the complaint").

3

On December 1, 2023, Cole's therapist, Shacoya Graham, wrote a letter addressed to Bojangles' human resources department on Cole's behalf. Doc. No. 4-1 at 3. Graham stated that Cole was "managing certain health challenges that require careful consideration of her daily routine. In light of this, I recommend implementing a revised work schedule for Jazmine, wherein she maintains a consistent 8-6 schedule from Monday to Friday. Additionally, it is imperative that she be granted Tuesdays and Saturdays off for medical reasons." *Id.*[2] Cole sent Graham's letter to Bojangles by email on December 6, 2023. Doc. No. 1-1 at 47. Cole's email led to approximately a month and a half of ultimately unsuccessful discussions between Cole and Bojangles to find a store and working situation that would accommodate her requests and preferences. *See Id.* at 25-29, 53-60. On January 12, 2024, Bojangles' human resources representative informed Cole that Bojangles was unwilling to make the changes she was continuing to request, expressed the company's view that it had "gone above and beyond to meet your personal requests regarding being moved to a new location that also included the Charlotte area and new schedules," and stated that she was being terminated ("We think it is best we part ways"). *Id.* at 29.

On April 5, 2024, Cole filed a charge of discrimination with the EEOC alleging that Bojangles discriminated and retaliated against her because of her alleged disability. AC at 5. Cole's Amended Complaint alleges (in addition to failing to provide reasonable accommodation) that Bojangles retaliated against her for filing a charge of discrimination with the EEOC. Cole alleges that "once HR saw that I had an EEOC claim open the[y] separated me

---

[2] In a follow-up letter dated April 24, 2024, after Cole's termination and EEOC charge, Graham stated that she never informed Bojangles "that Jazmine was incapable of performing her duties" but rather that the suggested accommodation was to "facilitate her success in the workplace." Doc. No. 4-1 at 4.

from employment." *Id.* However, the Court notes that the charge of discrimination Cole filed with the EEOC shows that she filed her charge on April 5, 2024, several months after her termination. *See* Doc. No. 1-1 at 1. After the EEOC issued Cole a Notice of Right to Sue letter, Cole filed this lawsuit on April 23, 2024. Doc. No. 1. Defendant subsequently filed a Motion to Dismiss, Doc. No. 10, which is fully briefed and ripe for the Court's decision.

## DISCUSSION

To state a claim under the ADA, a plaintiff must allege that she is "disabled within the meaning of the ADA." *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 751 (4th Cir. 2018). The ADA "defines disability as 'a physical or mental impairment that substantially limits one or more major life activities,' 'a record of such an impairment,' or 'being regarded as having such an impairment.'" *Id.* (quoting 42 U.S.C. § 12102(1)). "A plaintiff is disabled if he can show '(1) that he has a physical or mental impairment, (2) that this impairment implicates at least one major life activity, and (3) that the limitation is substantial.'" *Id.* (quoting *Heiko v. Colombo Sav. Bank, F.S.B.*, 434 F.3d 249, 254 (4th Cir. 2006)).

A plaintiff must do more than make conclusory allegations that he or she has a qualified disability. *See Wicomico Nursing Home*, 910 F.3d at 751 (dismissing complaint when it failed to include any "allegations as to how or why the [plaintiffs] are disabled or meet the statutory requirements for disability"). Rather, the plaintiff must provide sufficient facts to allow the Court to infer that the plaintiff's impairment "limited a major life activity and did so in a substantial way." *Okyere v. John Bean Techs. Corp.*, No. 5:20-cv-190-FL, 2020 WL 7625237, at *7 (E.D.N.C. Dec. 22, 2020) (dismissing ADA claim when the plaintiff "fail[ed] to allege how his injury affected any specific major life activity, let alone how that limitation is substantial").

The Court finds that Cole's Amended Complaint fails to include facts to plausibly support that she suffered from a disability within the meaning of the ADA. Cole includes no allegations that her alleged anxiety, PTSD, bipolar disorder or other medical alleged conditions substantially limited one or more of her major life activities. Further, the documents Cole attaches to her amended complaint establish the contrary conclusion. Cole's physician, Dr. Meadows, expressly concluded that her impairment did not affect a major life activity and did not limit one or more major life activities. Doc. No. 4-1 at 7. Similarly, Cole's therapist wrote that "[a]t no point did I indicate that Jazmine was incapable of performing her duties." *Id.* at 4. These clear statements by Cole's medical providers do not permit the Court to hold that she has sufficiently alleged a disability under the ADA, which is, of course, necessary for her ADA claims to proceed. *See Wicomico Nursing Home*, 910 F.3d at 751; *Okyere*, 2020 WL 7625237, at *7. Therefore, Cole's ADA claims will be dismissed.

Finally, having determined that Cole cannot establish that she has a disability as defined in the ADA, the Court need not and will not decide whether she has otherwise stated a valid claim that Bojangles violated the ADA. To be clear, the Court makes no judgment concerning or encouraging the alleged behavior of Cole's supervisor. Rather, its role is limited to determining if unlawful (not merely inappropriate or even harmful) conduct occurred in accordance with the relevant statues and legal rules. *See DeJarnette v. Corning Inc.*, 133 F.3d 293, 298–99 (4th Cir. 1998) (Federal courts "do[] not sit as a kind of super-personnel department weighing the prudence of employment decisions ...").

**ORDER**

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss (Doc. No. 10) is **GRANTED;** and

2. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: December 5, 2024

Kenneth D. Bell
United States District Judge

7